MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

ACADIA SENESE (CABN 251287)
Special Assistant United States Attorney
KEVIN J. BARRY (CABN 229748)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-7234
Email: acadia.senese@usdoj.gov
       kevin.barry@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROBERT EDWIN STOKES, ) <br> ) <br> Defendant. ) <br> _____ ) | No. CR 11-mj-70251 JCS <br><br> [~~PROPOSED~~] **ORDER OF DETENTION OF DEFENDANT ROBERT STOKES** |

## INTRODUCTION

The defendant Robert Stokes came before the Court on March 22, 2011 for a detention hearing. The defendant was present and represented by Elizabeth Falk of the Federal Public Defender's Office. Assistant United States Attorney Kevin Barry represented the United States. The defendant is charged in a one count Complaint with making threats against federal employees, in violation of Title 18, United States Code, Section 111.

[~~PROPOSED~~] DETENTION ORDER
No. CR 11-MJ-70251 JCS

1  The government requested detention, submitting that no condition or combination of
2  conditions would reasonably assure the appearance of the defendant as required and the safety of
3  the community.  Upon consideration of the pre-bail report prepared by Pretrial Services and the
4  party proffers, the Court finds by a preponderance of the evidence that the defendant presents a
5  risk of non-appearance and that no condition or combination of conditions will ensure his
6  appearance at future hearings and finds by clear and convincing evidence that no condition or
7  combination of conditions will reasonably assure the safety of any other person and the
8  community.  The Court orders the defendant detained pending the resolution of this case.

## FINDINGS OF FACT

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted.  In coming to its decision, the Court has considered those factors, paraphrased below:

1. the nature and seriousness of the offense charged;
2. the weight of the evidence against the person;
3. the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and record concerning appearance at court appearances; and
4. the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).  The factors addressed during the detention hearing and in the pre-bail report prepared by Pretrial Services are: the nature of the offense charged; the history and characteristics of the person; and the nature and seriousness of the danger to the community.

*1.   Nature and Circumstances of the Offense Charged (18 U.S.C. § 3142(g)(1))*

The defendant is charged with making threats against federal employees, in violation of Title 18, United States Code, Section 111.  While it is not clear that the circumstances of the

offense as described in the Affidavit in support of the Complaint categorically comprise a "crime of violence" under Section 3142(g)(1), *cf. United States v. Juvenile Female*, 566 F.3d 943, 947 (9th Cir. 2009) (assault with a deadly weapon under Section 111 is categorically a crime of violence), the Court factors the violent nature of these threats into its determination whether release is appropriate. Further, the Court also considers the fact that the victims in this case may be potential witnesses. *See* 18 U.S.C. § 3142(f)(2)(B). This factor weighs in favor of detention.

### 2. *The History and Characteristics of the Person*

As the Pretrial Services Report indicates, the defendant has a criminal history that includes multiple past convictions for violence-related offenses, including assault. The defendant also has a history of mental health problems and mental instability, including several instances of involuntary psychiatric confinement. The defendant's recent behavior and threats also appear consistent with mental instability, and those people who know him well have expressed concerns about the defendant's present mental state and behavior. The defendant has been treated and medicated for mental illness in the past, and he has indicated that he currently is not receiving necessary medication. This factor weighs in favor of detention.

### 3. *Nature of the Danger to the Community Posed by the Defendant's Release*

The defendant is charged with making detailed, violent, and repeated threats against a number of people who have supervisory authority at the defendant's former employer. As the Affidavit in support of the Complaint alleges, on the morning of March 8, 2011, the defendant not only specified the harm he would inflict on these people and their families; he informed them that he was on his way to their workplace, and he was arrested close by shortly thereafter. The Affidavit further alleges that the defendant continued to call his former workplace even after he was arrested, subjected to a psychiatric examination in San Francisco General Hospital, and served with an emergency protective order prohibiting any such contact. Thus, the defendant's release poses a real danger to specific members of the community – those people who have been named in his prior threats and others who work at his previous workplace. This factor weighs in favor of detention.

# CONCLUSION

After hearing the proffers of both parties and considering the pre-bail report by Pretrial Services, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant and finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant is committed to the custody of the Attorney General for confinement in a corrections facility;
2. The defendant be afforded reasonable opportunity for private consultation with his counsel;
3. The defendant be afforded access to medical care and medication, particularly psychiatric care; and
4. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated:   03/23/11

_____
HONORABLE JOSEPH C. SPERO
United States Magistrate Judge

[PROPOSED] DETENTION ORDER
No. CR 11-mj-70251 JCS